UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESTORATION HOMES, LLC,<br><br>    Appellee,<br><br>    v.<br><br>TANIGUCHI,<br><br>    Appellant. | Case No. 15-cv-00032-WHO<br><br>**ORDER CLARIFYING AND AFFIRMING BANKRUPTCY COURT ORDER** |

## INTRODUCTION

The bankruptcy court allowed in part appellant Restoration Homes's proof of claim in appellee Charles Taniguchi's bankruptcy proceeding (the "Order"). Dkt. No. 3-22. This appeal questions the effect of the third numbered term of the Order: that it was "without prejudice to the parties' right to raise whatever claims and defenses they wish in the state court litigation." *Id*. Read literally, there is nothing controversial about that term; the bankruptcy court cannot control what claims and defenses the parties wish to bring in the related state court. However, the parties contend that this term prohibits the state court in a related action from considering whether res judicata applies, and dispute whether such an order was proper. I do not read the Order as the parties do. I now clarify that it is not within the power of the bankruptcy court to bind the state court to any particular determination concerning the res judicata effect of its rulings (or lack thereof). With that clarification, the Order is AFFIRMED.

## BACKGROUND

Taniguchi and his wife purchased property in San Francisco in 2004. In 2009, Taniguchi obtained a modification of his mortgage loan which lowered the principal balance, reduced monthly mortgage payments, fixed the yearly interest rate, and deferred a portion of the balance.

Restoration Homes bought Taniguchi's loan in June 2013. In October 2013, Restoration Homes commenced foreclosure proceedings on Taniguchi's property, claiming that Taniguchi failed to make payments between July and October 2013. Taniguchi disputed the loan delinquency and filed a lawsuit in state court to enjoin the foreclosure proceedings. In May 2014, the state court granted Taniguchi's petition to enjoin the foreclosure proceedings, subject to Taniguchi posting a $40,000 bond. Unable to pay the bond, Taniguchi instead filed a bankruptcy petition in bankruptcy court, which stayed the state court litigation.

Restoration Homes filed a mortgage proof of claim in Taniguchi's bankruptcy proceeding, claiming the following pre-petition fees and expenses:

| | |
|---|---|
| Late charges: | $1,924.71 |
| Attorney's fees (state court): | $37,704.48 |
| Attorney's fees (bankruptcy) | $2,500.00 |
| Prior defaults: | $53,676.79 |
| Accrued payment shortfall: | $47,565.36 |
| Foreclosure fees and costs: | $4,910.32 |

Dkt. No. 3-7.

Taniguchi objected to Restoration Homes's claim, arguing that it was based on the original loan, not the 2009 loan modification, improperly preventing him from curing the default under the terms of the loan modification. Taniguchi also argued that Restoration Homes could not include its attorneys' fees in the claim.

The Hon. Hannah L. Blumenstiel of the bankruptcy court sustained Taniguchi's objection in part and overruled it in part in an Order with four numbered paragraphs. In the first two, the court held that Taniguchi could cure the default under the terms of the loan modification, rather than the original loan, but overruled his objection to Restoration Homes's claim to attorney's fees. In the fourth, the court deemed the claim amended to include amounts which Restoration Homes stated applied if Taniguchi was allowed to cure the default under the terms of the loan modification:

| | |
|---|---|
| Late charges: | $1,924.71 |
| Attorney's fees (state court): | $37,704.48 |

2

|  |  |
|---|---|
| Attorney's fees (bankruptcy): | $2,500.00 |
| Prepetition payments: | $29,315.111 |
| Foreclosure fees and costs: | $4,910.32 |

Dkt. No. 3-22 at 2. None of those portions of the Order is challenged on appeal.

The third numbered paragraph states:

> This order shall be without prejudice to the parties' right to raise whatever claims and defenses they wish in the state court litigation, including Debtor's arguments regarding certain "pre-petition payments due.

Dkt. No. 3-22 at 2. Judge Blumenstiel discussed the potential preclusive effect of her Order during oral argument on the proof of claim:

> I'm making my finding on a matter of bankruptcy law, meaning that the cure concept provided by the Bankruptcy Code overrides the contractual provisions. That's not what the State Court is litigating. The State Court is litigating the rights of the parties under the loan agreement and the modified loan agreement. I am incorporating on top of that an issue of bankruptcy law. That's not before the State Court, so I am disagreeing with your conclusion that my resolution here is res judicata or collateral estoppel for the State Court in that regard.

Dkt. No. 3-21 at 21.

Restoration Homes appeals only the bankruptcy court's ruling that its allowance in the proof of claim proceeding is without prejudice to the parties' rights to raise any claims or defenses in the state court litigation.

## LEGAL STANDARD

District courts have jurisdiction to hear appeals from the final judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a)(1). Findings of fact are reviewed for clear error. Fed. R. Bankr. P. 8013; *In re Acequia, Inc.*, 787 F.2d 1352, 1357 (9th Cir. 1986). Legal conclusions and mixed questions of law and fact are reviewed *de novo*. *In re Lee*, 179 B.R. 149, 155 (9th Cir. B.A.P. 1995).

## DISCUSSION

Restoration Homes argues that the bankruptcy court's allowance of its proof of claim is entitled to res judicata effect in the state court litigation as a determination of "the amounts due

3

under the loan." Dkt. No. 8 at 2. It does not seek a determination that the allowance bars specific claims; it recognizes that the state court will ultimately make that determination should the state case proceed. But it evidently interprets the third term in the Order as precluding it from arguing that the Order has res judicata effect, and so filed this appeal to challenge that interpretation. In opposition, Taniguchi argues that the appeal is not ripe because (i) the state court litigation is currently stayed and it is speculative that Taniguchi will resume it and (ii) Restoration Homes has not identified particular claims or issues that it wants to preclude.

Both parties apparently interpret the third numbered term in the Order in the same way, and using that interpretation they make valid points. The appeal is not ripe in the sense that there are no claims before me that Restoration Homes argues are precluded by the allowance. But bankruptcy orders, including an allowance of a proof of claim, must be appealed within 14 days. I am sympathetic to Restoration Homes's desire to avoid any argument that it waived its right to assert that the allowance of its proof of claim has res judicata effect. *See* Federal Rule of Bankruptcy Procedure 8002(a) ("a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed"). Restoration Homes's time to appeal would have expired had it waited for Taniguchi to resume the currently-stayed state court litigation.[1] *See Matter of Ramsey*, 612 F.2d 1220, 1222 (9th Cir. 1980) ("An untimely notice deprives the district court of jurisdiction to review the bankruptcy court's order or judgment.").

The doctrine of res judicata "bars a party from bringing a claim if a court of competent jurisdiction has rendered a final judgment on the merits of the claim in a previous action involving the same parties or their privies." *In re Int'l Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir. 1994). Allowance of a claim by a bankruptcy court constitutes a final judgment and generally has res judicata effect, assuming the elements for res judicata are met. *See Siegel v. Fed. Home Loan Mortgage Corp.*, 143 F.3d 525, 529 (9th Cir. 1998) ("the allowance or disallowance of a claim in

---

[1] Moreover, as described below, because I do not determine *what* the bankruptcy order precludes, but merely clarify that it furnishes a basis for a plea of res judicata, assuming the appropriate elements are met, I do not offer an improper advisory opinion.

bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata") (quotation omitted); *Nathanson v. Hecker*, 99 Cal. App. 4th 1158, 1166 (2002) (allowance precluded relitigation of claim in state court because "the existence and the amount of the claim have been fully litigated between the parties and resolved" in bankruptcy court).

Taniguchi does not argue that a bankruptcy court can strip its orders of the res judicata effect which they would otherwise have. It cannot.[2] *Cf. Sure-Snap Corp. v. State St. Bank & Trust Co.*, 948 F.2d 869, 873 (2d Cir. 1991) (bankruptcy order had res judicata effect notwithstanding bankruptcy judge's comment that it did not). He appears concerned, however, that the state court will feel itself bound to adopt the Order's determination without analysis of whether the requisites for res judicata have been met. He has no basis to worry.

While Restoration Homes says that it recognizes that what the allowance actually precludes will be determined by the state court based on an analysis of whether the elements for res judicata have been met, it argues to me that the allowance has res judicata effect as a determination of "the amounts due under the loan." Dkt. No. 8 at 2. "The amounts due under the loan" do not relate to any claim before me. And I do not have authority to determine the preclusive effect of the allowance on the state court litigation. I reject Restoration Homes's argument to the extent that it seeks a determination now that the allowance precludes certain issues, including "the amounts due under the loan."

The best reading of the third term Order is the literal one. The Order is "without prejudice to the parties' right to raise whatever claims and defenses they wish in the state court litigation,

---

[2] I do not interpret the bankruptcy court's statement as a ruling removing res judicata effect which its order would otherwise have. Rather, based on its comments during oral argument, it appears that the bankruptcy court was merely expressing its understanding that it was ruling on issues different from those before the state court, and therefore the elements of res judicata could not be satisfied. *See* Dkt. No. 3-21 at 2 ("The State Court is litigating the rights of the parties under the loan agreement and the modified loan agreement. I am incorporating on top of that an issue of bankruptcy law. That's not before the State Court, so I am disagreeing with your conclusion that my resolution here is res judicata or collateral estoppel for the State Court in that regard."). The bankruptcy court may very well be correct, but that is a question for whatever court addresses the res judicata effect of the allowance.

including Taniguchi's arguments regarding certain "pre-petition payments due." It is up to the state court to decide whether and to what extent res judicata applies to the claims and defenses before it.

## CONCLUSION

The Order, as clarified, is AFFIRMED. The third numbered paragraph in the Order may not be interpreted to preclude the state court from reaching the issue of whether the doctrine of res judicata is applicable to the issues before it.

**IT IS SO ORDERED.**

Dated: August 7, 2015



WILLIAM H. ORRICK
United States District Judge